# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JERRY FERNANDO DAVIS,

                Plaintiff,

v.

WARDEN PAUL, HSU MANAGER VASQUES, and DR. LORI,

                Defendants.

Case No. 16-CV-613-JPS

**ORDER**

**1.  INTRODUCTION**

Plaintiff Jerry Fernando Davis ("Davis"), a prisoner, brings this action pursuant to 42 U.S.C. § 1983 against Defendants, prison officials at Racine Correctional Institution ("Racine"), alleging that they acted with deliberate indifference to his medical needs relating to his prosthetic eye. Defendants filed a motion for summary judgment on December 15, 2016, arguing that Davis failed to exhaust his administrative remedies as to the claims he raises here. (Docket #22). Davis responded on December 30, 2016. (Docket #26). Defendants did not reply. For the reasons stated below, Defendants' motion will be granted and this action will be dismissed without prejudice.

**2.  STANDARD OF REVIEW**

    **2.1  Summary Judgment**

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016). The court must not weigh the evidence presented or determine credibility of witnesses; the Seventh Circuit instructs that "we leave those tasks to factfinders." *Berry v. Chicago Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010). The party opposing summary judgment "need not match the movant witness for witness, nor persuade the court that [his] case is convincing, [he] need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir. 1994).

### 2.2 Exhaustion of Prisoner Administrative Remedies

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require," and he must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Smith v. Zachary*, 255 F.3d 446, 452 (7th Cir. 2001); *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense to be proven by Defendants. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

The Wisconsin Department of Corrections maintains an Inmate Complaint Review System ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code DOC § 310.04. There are two steps an inmate

must take to exhaust their administrative remedies under the ICRS. First, the inmate must file a complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* at §§ 310.07(1) and 310.09(6). The ICE may reject a complaint or, before accepting it, can direct the inmate to "attempt to resolve the issue." *See id.* §§ 310.08; 310.09(4); 310.11(5). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority. *Id.* § 310.11(6). If the complaint is not rejected, the ICE issues a recommendation for disposing of the complaint, either dismissal or affirmance, to the reviewing authority. *Id.* at §§ 310.07(2) and 310.11.[1] The reviewing authority may accept or reject the ICE's recommendation. *Id.* at § 310.07(3).

Second, if the ICE recommends dismissal and the reviewing authority accepts it, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE"). *Id.* at §§ 310.07(6) and 310.13. The CCE issues a recommendation to the Secretary of the Department of Corrections who may accept or reject it. *Id.* at §§ 310.07(7), 310.13, and 310.14. Upon receiving the Secretary's decision, or after forty-five days from the date the Secretary received the recommendation, the inmate's administrative remedies are exhausted. *Id.* at §§ 310.07(7) and 310.14.

3. **RELEVANT FACTS**

   3.1 **Davis' Failure to Dispute the Material Facts**

   The relevant facts are undisputed, largely because Davis failed to dispute them. To show why, the Court will briefly recount the procedural history and substantive failings of Davis' submissions.

---

[1] The ICRS defines a "reviewing authority" as "the warden, bureau director, administrator or designee who is authorized to review and decide an inmate complaint." Wis. Admin. Code. § 310.03(2).

In the Court's scheduling order, entered October 27, 2016, Davis was warned about the requirements for opposing a motion for summary judgment. (Docket #18 at 1–2). Accompanying that order were copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, both of which describe in detail the form and contents of a proper summary judgment submission. On December 15, 2016, Defendants filed their motion for summary judgment. (Docket #22). In the motion, Defendants warned Davis about the requirements for his response as set forth in Federal and Local Rules 56. *Id.* at 1–2. He was provided with additional copies of those Rules along with Defendants' motion. *See id.* at 2–6. In connection with their motion, Defendants filed a supporting statement of material facts that complied with the applicable procedural rules. (Docket #24). It contained short, numbered paragraphs concisely stating those facts which Defendants proposed to be beyond dispute, with supporting citations to the attached evidentiary materials. *See id.*

In response, Davis submitted a two-page document with a one-page attachment. (Docket #26). In his submission, Davis complains that he does not understand how to respond to Defendants' motion. *Id.* at 1. He then provides two paragraphs of substantive argument detailing his efforts to resolve his complaints about his medical treatment with Racine healthcare staff. *See id.* His statements are not sworn, nor are they accompanied by any documents or other evidence to corroborate them. The one-page attachment to his opposition is a copy of a "medication/medical supply refill request" form from April 2016. (Docket #26-1). Its relevance is not explained.

Despite being twice warned of the strictures of summary judgment procedure, Davis ignored those rules by failing to properly dispute Defendants' proffered facts with citations to relevant, admissible evidence.

*Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as his lawyer, and it cannot delve through the record to find favorable evidence for him. Further, while the Court is cognizant that Davis lacks legal training, his utter failure to comply with the rules of procedure is not excusable on that ground alone. Thus, the Court will, unless otherwise stated, deem Defendants' facts undisputed for purposes of deciding their motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

### 3.1 Davis' Medical Care and Inmate Complaints

Davis is an inmate at Racine. Defendants were, during the relevant period, employed at Racine. In his amended complaint, Davis claims that from February 25, 2016 until August 23, 2016, he did not see a doctor for his left eye socket, he was not tested for an infection in the socket, and he did not receive the proper cleaning products for his left prosthetic eye. He also claims that on June 2, 2016, he blacked out from a headache in his left eye socket.

Davis attempted to file two complaints about his left prosthetic eye. First, on April 20, 2016, Davis submitted an inmate complaint which stated:

> I have a left prosthetic eye and it has to be clean [sic] one or twice a day yet I am having problems getting the proper cleaning products and I feel I have an infection in my left eye and I haven't saw a real doctor for it. The nurses isn't skilled in the area of prosthetic eyes and I haven't even been tested for an infection.

In this complaint, Davis explained that he tried to resolve these issues with the Health Services Unit ("HSU") staff "two to three times" before filing the complaint. He wrote both HSU staff and the Security Director at Racine

regarding the problems. He claims these efforts were unsuccessful and that he is "still fighting to get the proper cleaning products."

As noted above, prior to accepting a complaint, the ICE may direct the inmate to attempt to resolve the issue outside the ICRS. Wis. Admin. Code DOC § 310.09(4). If this occurs, the inmate will usually be informed who to contact to resolve the issue, such as the HSU manager for issues regarding medical care or the housing unit manager for issues arising in the housing unit. The inmate may be encouraged to resolve the issue by contacting unit staff, supervisors, or others so that he can receive a quicker response and resolution to his complaint than might be obtained within the ICRS. Additionally, if the complaint is about a staff member, that person's supervisor may be able to take immediate corrective action.

On April 26, 2016, ICE program assistant Ashley Larson ("Larson") sent Davis a letter noting that his complaint submission was not accepted. Larson informed him that before his complaint could be accepted, he needed to attempt to resolve the issue by contacting HSU manager Vasquez ("Vasquez"). Larson noted that if the issue was not addressed or resolved, he could re-file his complaint. However, Larson instructed Davis to include with his re-filed complaint written documentation of his attempts to resolve the issue, including any responses to his interview requests or other written responses from the staff members he contacted. Any re-filed complaint had to be submitted within fourteen days from the date of the letter in order to be in compliance with the ICE time limits.

Davis submitted a second complaint about his left prosthetic eye dated May 4, 2016, claiming, "I keep writing and I to get my cleaning products before I get an eye infection but I feel it is too late I feel I have an eye infection." He also explained that he "wrote everyone, HSU, HSU Manager,

Unit Manager, Psych, social worker, correctional officers, Security Director, Warden, I tried everything to resolve this issue and I am still where I started." He complained that he kept "getting a run around" with respect to his problems. Despite Larson's instruction in her April 26, 2016 letter, Davis included no written evidence of his attempts to informally resolve his grievances.

This second complaint was received in the ICE's office on May 5, 2016. That same day, Larson sent Davis a letter noting that his complaint submission was not accepted. She informed Davis that his attempted filing was being returned a second time for the reasons cited in the April 26 letter. She further stated that if he attempted to file again without following the directions in that letter the ICE office would not respond and his submission would not be returned to him. Larson further notified Davis that she had contacted the HSU staff and was informed that "all solutions were sent to his unit on April 13, 2016 so you should be set." Larson advised Davis that if he had any additional questions, he should contact Vasquez. If the issue was not addressed or resolved, he could again re-file his complaint. As before, Larson directed Davis to include documentation of his attempts to resolve the issue with any re-filed complaint. Davis did not re-submit this complaint to the ICE's office or provide any documentation showing his attempts to resolve the issues.

Michelle Bones ("Bones") is the current ICE at Racine. In that capacity, she has diligently searched Racine's records of inmate complaints, and her search has disclosed that Davis has filed no further inmate complaints or appeals that address the allegation that Defendants failed to give him the proper products to clean his left prosthetic eye. Nor did she find that Davis filed any other inmate complaints or appeals that address the allegation that

he had not seen a doctor or been tested for an eye infection. Similarly, she found that he filed no inmate complaints or appeals that address the allegation that he blacked out due to a headache in his left eye socket on June 2, 2016. In sum, Bones' search shows that there are no accepted complaints from Davis regarding the claims he raises in this lawsuit.

4. **ANALYSIS**

The undisputed facts demonstrate that Davis has fallen short of exhausting his administrative remedies with respect to his claims in this case. Davis attempted to file two complaints about his left prosthetic eye. Pursuant to Section 310.09(4), Larson returned the initial complaint to him with instructions to first attempt to resolve the issue with Vasquez and provide documentation of his attempts. Although he re-filed the complaint shortly thereafter, he never provided evidence that he undertook the task Larson set him. Thus, she returned the second complaint as well. Davis never appealed that rejection, re-filed the complaint, or supplied evidence of his efforts to informally resolve his grievances.

This case is much like *Steiskal v. Lewitzke*, 553 F. App'x 611, 616 (7th Cir. 2014), where the Seventh Circuit affirmed the dismissal of an inmate's Section 1983 suit for failure to exhaust administrative remedies. There, the ICE returned the inmate's complaint to him, pursuant to Section 310.09(4), so that he could first seek an informal resolution. *Id.* The Court of Appeals noted that although Section 310.09(4) does not expressly allow prison officials to return a complaint unfiled, the inmate did not challenge that procedure. *Id.* Additionally, the inmate conceded that he had not resubmitted the grievance later nor "provid[ed] the ICE with his documentation showing that he followed the directive to attempt an informal workout." *Id.* This, the Seventh Circuit found, was a violation of the prison's established grievance

procedures, and, as a result, "he did not exhaust, regardless of whether he was unsuccessful in trying to resolve the issue." *Id.*

Similar to *Steiskal*, here Davis was instructed to attempt informal resolution of his grievances. He has never challenged Racine's interpretation of its power under Section 310.09(4)—namely, that it could refuse to accept a grievance under that provision—and so the Court will not second-guess it here. Moreover, although it appears that Davis tried to re-file his complaint after it was rejected the first time, he nevertheless failed to comply with Larson's instruction that he provide evidence of his efforts to resolve the matter. As in *Steiskal*, Davis failed to abide by ICRS procedures and, consequently, he has not achieved proper exhaustion. *See Carlton v. Dodge Corr. Inst.*, No. 12–cv–695–wmc, 2014 WL 4186796, at *5 (W.D. Wis. Aug. 21, 2014) (no exhaustion where inmate "never submitted evidence of an attempt to comply with ICE's directives [to attempt informal resolution], as he had been repeatedly instructed to do pursuant to the DOC's grievance procedure, before simply submitting new complaints") (emphasis omitted).

In his response to Defendants' motion, Davis argues that he "tried everything to resolve the issue" and that he followed Larson's instructions. (Docket #26 at 1). He claims he wrote to Vasquez on both an interview request form and a health services request form. *Id.* He also contends that he wrote to the warden, his unit manager, and other staff about the problems he was experiencing. *Id.* He claims, as he did in his two inmate complaints, that his repeated efforts to resolve the matter have fallen on deaf ears. *Id.*

However, Davis failed to provide Larson or this Court any actual evidence, even in the form of a sworn statement, that he made the communications he claims. *See Steiskal*, 553 F. App'x at 616; *Davis v. Ashton*, 15-cv-268-slc, 2016 WL 7388539, at *4 (W.D. Wis. Dec. 21, 2016) (finding that

the inmate's sworn statements and other evidence showed that he had made diligent attempts to informally resolve his grievances). Moreover, even taking his unsworn statements at face value, he has not shown that Racine officials "[did] not respond to a properly filed grievance or otherwise use[d] affirmative misconduct to prevent [him] from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Steiskal*, 553 F. App'x at 616 (the inmate's "subjective belief that he was being thwarted was insufficient to create a genuine issue of material fact"). Thus, his argument that he has been "getting the run around" is unavailing.

"Prisoner[s] must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. Because he has not complied with those rules, Davis has not exhausted his available administrative remedies for his claims in this matter, and his complaint must be dismissed.

**5.    CONCLUSION**

Davis failed to contest the facts Defendants proffered. Viewing those undisputed facts in the light most favorable to him, the Court is obliged to conclude that each of his claims fails as a matter of law because he failed to properly exhaust his administrative remedies. This action will, therefore, be dismissed without prejudice.[2]

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (Docket #22) be and the same is hereby **GRANTED**; and

---

[2] Although it appears unlikely that Davis will be able to complete the ICRS process for his claims at this late date, dismissals for failure to exhaust are always without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of January, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge